IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-CR-00086 |
| v. | (Judge Brann) |
| JAMES DUNCAN, | |
| Defendant. | |

## MEMORANDUM OPINION

AUGUST 24, 2020

## I.   BACKGROUND

Defendant James Duncan moves for discovery from the Government.[1] The Government has charged Duncan, a federal inmate, with assaulting a correctional officer in violation of 18 U.S.C. § 111(a)(1).[2] Duncan requests items of discovery related to his place of confinement—the Medium Security Federal Correctional Institution at Allenwood. The Court reproduces Duncan's requested items of discovery ("the Discovery") below.[3]

---

[1]  *See* Doc. 33. Duncan also moves for permission to enter and photograph the crime scene. *See* Doc. 35. The Government concurs with this other motion, provided that the entry and photographing is "consistent with any and all safety measures that must be taken in light of the COVID-19 pandemic." *See* Doc. 40. "Given that Rule 16(a)(1)(E) directs [Duncan] to request inspection from the Government," and given the Government's concurrence, Duncan's other motion will be denied without prejudice, as it does not appear that, at this juncture, Duncan requires a court order to effectuate his entry into and photographing of the crime scene. *United States v. Dean*, No. 3:17-CR-00015, 2019 WL 2448322, at *2 (M.D. Pa. June 12, 2019).

[2]  Doc. 1.

[3]  Doc. 33 at 2.

a. "A list of the names of all inmates housed in Unit 3A of the Medium Security Federal Correctional Institution at Allenwood on November 26, 2018 including each inmate's Registration Number;

b. Complete photographs of the Unit 3A Unit Officer's office including all walls, the doorway and the ceiling;

c. All service records for the cameras in the Unit 3A Officer's office and the adjacent hallway;

d. A list of the location and type of each camera located in the Unit 3A Officer's office and the adjacent hallway; [and]

e. Disciplinary records and employment records for Officer R. Garrison."

Duncan argues that, per Federal Rule of Criminal Procedure 16(a)(1)(E), the Discovery is "material to preparing a defense."[4] The Government does not object to Duncan's request to obtain the complete photographs, the camera service records, and the camera locations and types.[5] But the Government does object to release of the first requested Discovery item ("the List of Inmate Names") and the last requested Discovery item ("the Garrison Records").[6]

## II.  DISCUSSION

### A.  The List of Inmate Names

Per Duncan, surveillance footage "depicts several federal inmates near the location where the events leading to the charge . . . occurred."[7] Duncan now requests the List of Inmate Names so that "Counsel may investigate and interview

---

[4] Doc. 34 at 2.
[5] Doc. 39 at 6.
[6] Doc. 39 at 1.
[7] Doc. 34 at 3.

potential witnesses for the defense."[8]  The Government argues that this request is too broad and that Duncan has "failed to provide an adequate explanation of materiality that justifies the inclusive nature of the request."[9]  However, the Government does concede that the names and registration numbers of the "several" inmates seen on the surveillance footage would be material to the preparation of Duncan's defense.[10]

For evidence to be "material" under Rule 16(a)(1)(E)(i), the defendant must show "some indication that the pretrial disclosure of the disputed evidence would . . . enable the defendant significantly to alter the quantum of proof in his favor."[11] "The defendant must make a prima facie showing of materiality."[12]

The Court finds that there is "some indication" that Duncan's investigation of other federal inmates – those who were in the surveillance footage and therefore might have witnessed the events leading to the charged assault – might "enable [Duncan] significantly to alter the quantum of proof in his favor."[13]  However, Duncan's request as stated – for the names and registration numbers of all inmates housed in Unit 3A – is overbroad.

---

[8] Doc. 34 at 3.
[9] Doc. 39 at 9.
[10] Doc. 39 at 9.
[11] *United States v. Young*, No. CR.A.05 56, 2007 WL 756729, at *2 (E.D. Pa. Mar. 7, 2007).
[12] *United States v. Fumo*, No. CRIM.A. 06-319, 2007 WL 3232112, at *4 (E.D. Pa. Oct. 30, 2007).
[13] *United States v. Con-Ui*, No. 3:13-CR-123, 2016 WL 4140520, at *9 (M.D. Pa. Aug. 4, 2016).

In an attempt to trim the scope of Duncan's request for the List of Inmate Names, the Court will direct the Government to ascertain whether any corrections officers at the Medium Security Federal Correctional Institution at Allenwood can assist in identifying the unknown federal inmates who are depicted in the surveillance footage that Duncan references.[14]  The Court notes that Duncan has limited his request to one discrete unit of the Allenwood institution.

The Court denies Duncan's motion to obtain the List of Inmate Names without prejudice while the Government conducts the above investigative efforts.

### B.     The Garrison Records

Duncan argues that "information relating to R. Garrison's background and disciplinary history is the only available relevant information to support or counter the assertion made by Mr. Duncan regarding what occurred in the Unit 3A Unit Officer's office on November 26, 2018."[15]  The Government argues that Duncan has not properly undergirded this very broad request.[16]  The Government also argues that its *Brady* and *Giglio* disclosure obligations go some way towards obviating Duncan's need for the Garrison Records.[17]

---

[14]  *See United States v. Escalera*, No. 14-CR-133A, 2016 WL 5898932, at *4 (W.D.N.Y. Oct. 11, 2016) (a district court "ask[ing] the Government to check whether any corrections officers at Cattaraugus County Jail could help identify unknown inmates depicted in the video recordings [in question]").
[15]  Doc. 34 at 4.
[16]  Doc. 39 at 10.
[17]  Doc. 39 at 10-11.

The Court agrees with the Government. Duncan's request for the Garrison Records – in their entirety – is overbroad. "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files."[18] Duncan's motion to obtain the Garrison Records is denied without prejudice to the Government's fulfillment of its *Brady*, *Giglio*, and like discovery obligations.

### III. CONCLUSION

Duncan's motion for discovery is granted in part and denied in part. Duncan's motion for inspection is denied without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[18] *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987); *see also United States v. Rodriguez*, No. CR 18-1568 WJ, 2019 WL 6841845, at *2 (D.N.M. Dec. 16, 2019).